UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIEROBI RASHEEN KUYKENDALL,<br><br>                              Plaintiff,<br><br>v.<br><br>CHIEF MEDICAL OFFICER; CAPTAIN D. FLYNN,<br><br>                              Defendant. | Case No.: 3:16-cv-02454-WQH-RBB<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING ACTION FOR FAILING TO STATE A CLAIM** |

**I.    Procedural History**

Plaintiff, Nierobi Rasheen Kuykendall, formerly housed at the San Diego Central Jail located in San Diego, California, and proceeding in pro se, has filed a civil action. (ECF No. 1).  In addition, Plaintiff has filed a certified copy of his inmate trust account which the Court construes as a  Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

**II.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Because Plaintiff is not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to this case. Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain a civil action. See S.D. Cal. CivLR 3.2(d).

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). (ECF No. 2).

## II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A.     Standard of Review

A complaint filed by any person proceeding IFP is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

1 | not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
2 | mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
3 | (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Determining
4 | whether a complaint states a plausible claim for relief [is] . . . a context-specific task that
5 | requires the reviewing court to draw on its judicial experience and common sense." Id.
6 | The "mere possibility of misconduct" falls short of meeting this plausibility standard. Id.;
7 | see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

8 | "When there are well-pleaded factual allegations, a court should assume their
9 | veracity, and then determine whether they plausibly give rise to an entitlement to relief."
10 | Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000)
11 | ("[W]hen determining whether a complaint states a claim, a court must accept as true all
12 | allegations of material fact and must construe those facts in the light most favorable to
13 | the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that
14 | § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

15 | However, while the court "ha[s] an obligation where the petitioner is pro se,
16 | particularly in civil rights cases, to construe the pleadings liberally and to afford the
17 | petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir.
18 | 2010) (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not
19 | "supply essential elements of claims that were not initially pled." Ivey v. Board of
20 | Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

21 | Section 1983 imposes two essential proof requirements upon a claimant: (1) that a
22 | person acting under color of state law committed the conduct at issue, and (2) that the
23 | conduct deprived the claimant of some right, privilege, or immunity protected by the
24 | Constitution or laws of the United States. See 42 U.S.C. § 1983; Nelson v. Campbell,
25 | 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); Haygood v. Younger, 769 F.2d 1350, 1354
26 | (9th Cir. 1985) (en banc).
27 | / / /
28 | / / /

### B.    Plaintiff's Medical Claims

Plaintiff's Complaint contains very few specific factual allegations.  He claims that he was held in the San Diego Central Jail for an unspecified period of time.  (See Compl. at 1-3.)  He also claims that he suffers from "degenerated disc disease" and claims that he informed prison officials that his doctor prior to his incarceration "ordered physical therapy."  (Id. at 2.)  However, he alleges he was denied physical therapy by unnamed Sheriff Deputies.  (Id.)  Plaintiff seeks $333,000 in compensatory damages and injunctive relief.  (Id.)  Plaintiff's claims for injunctive relief are moot in light of the fact that Plaintiff is no longer housed in the San Diego Central Jail.  (ECF No. 3.)

Prison officials are liable only if they are deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); see also Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1241-44 (9th Cir. 2010) (applying Estelle's Eighth Amendment deliberate indifference standard to inadequate medical care claims alleged to violate a pretrial detainees' due process rights).

Here, Plaintiff claims he suffers from "degenerative disc disease," but he fails to include any further "factual matter" sufficient to show or describe how or to what extent his medical needs were objectively serious.  See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (defining a "serious medical need" as one which the "failure to treat ... could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing Estelle, 429 U.S. at 104); Iqbal, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Twombly, 550 U.S. at 570). The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.3d at 1059-60.

Even if the Court assumes Plaintiff's medical issues were "objectively serious" medical conditions, nothing in his Complaint supports a "reasonable inference that [any individual] defendant" acted with deliberate indifference to his plight. Iqbal, 556 U.S. at 678. "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing Hallett v. Morgan, 296 F.3d 732, 1204 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)). A difference of opinion between a pretrial detainee and the doctors or other trained medical personnel at the Jail as to the appropriate course or type of medical attention he requires does not amount to deliberate indifference, see Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), and any delay in providing an appropriate course of treatment does not by itself show deliberate indifference, unless the delay is alleged have caused harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) ("[D]elay in providing a prisoner with dental treatment, standing alone, does not constitute an Eighth Amendment violation.").

Thus, while Plaintiff claims he needed physical therapy, his Complaint, as currently pleaded, does not include facts to show that any individual San Diego Jail official actually knew of, yet disregarded any serious medical need. See Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1193 (9th Cir. 2002) ("[D]eliberate indifference requires the defendant to be subjectively aware that serious harm is likely to result from a failure to provide medical care."). Nor does it allege that any decision to refuse or delay a particular course of medical treatment caused him actual harm. See McGuckin, 974 F.2d at 1060. Without more, Plaintiff's Complaint currently amounts only to "unadorned, the

defendant[s]-unlawfully-harmed-me accusation[s]," which "stop[] short of the line between possibility and plausibility of 'entitlement to relief'" as to any constitutionally inadequate medical care claim. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).

### C. Individual Liability and Causation

Finally, Plaintiff's Complaint contains minimal factual allegations as to whom he claims violated his constitutional rights and contains no "further factual enhancement" which describes how, or to what extent, any individual became aware of, or were actually aware of, his alleged serious medical needs. "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (even a pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim." Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)). Plaintiff only identifies Flynn as a Defendant in his Complaint but there are no actual references to Flynn in the body of his Complaint. In addition, Plaintiff does not offer any other factual allegations linking any specific individual to any of his claims regarding alleged constitutional violations.

For all these reasons, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

### D. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint to state a claim

1 unless it is absolutely clear the deficiencies of the complaint cannot be cured by
2 amendment. See Lopez, 203 F.3d at 1130 (noting leave to amend should be granted when
3 a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the
4 plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's Complaint
5 fails to state any claim upon which relief can be granted, it will provide him a chance to
6 fix the pleading deficiencies discussed in this Order.

7     Plaintiff is cautioned, however, that should he choose to file an amended
8 complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure
9 8(a), and that any claim not re-alleged will be considered waived. See S.D. Cal. CivLR
10 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th
11 Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey, 693 F.3d at 928
12 (noting that claims dismissed with leave to amend which are not re-alleged in an
13 amended pleading may be "considered waived if not repled.").

14 **IV.   Conclusion and Order**

15     Good cause appearing therefor, IT IS HEREBY ORDERED that:

16     1.   Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No.
17 2) is **GRANTED**.

18     2.   This civil action is **DISMISSED** for failing to state a claim upon which relief
19 may be granted pursuant to 28 U.S.C. §1915(e)(2)(B) and the Court **GRANTS** him forty-
20 five (45) days leave from the date of this Order in which to file an Amended Complaint
21 which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must
22 be complete by itself without reference to his original pleading.

23 **IT IS SO ORDERED**.

24 Dated: December 14, 2016

                                  */s/ William Q. Hayes*
25                         Hon. William Q. Hayes
26                         United States District Court